**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA TOMAS JUAN, | No. 18-70805 |
| Petitioner, | Agency No. A088-362-214 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2020
Portland, Oregon

Before: M. MURPHY,** BENNETT, and MILLER, Circuit Judges.

Maria Tomas-Juan, a native and citizen of Guatemala, petitions for

review from the Board of Immigration Appeals' ("BIA") decision affirming

an immigration judge's ("IJ") denial of her applications for withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1).

1. To be entitled to withholding of removal, a petitioner must demonstrate her "life or freedom" would be threatened in her home country because of, *inter alia*, "membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A). The petitioner can meet this burden by (1) establishing a fear of future persecution based on past persecution or (2) independently establishing "it is more likely than not that [she] would be threatened in the future" on the basis of membership in a particular social group. 8 C.F.R. § 1208.16(b). If the petitioner can establish past persecution, a presumption arises that she is entitled to withholding of removal because it is presumed that her life or freedom will be threatened in the future if she is removed. *Baballah v. Ashcroft*, 367 F.3d 1067, 1079 (9th Cir. 2004). The presumption is rebutted when the government shows, by a preponderance of the evidence, that there has been a fundamental change in circumstances or that the petitioner could avoid future persecution by relocating within her home country. 8 C.F.R. § 1208.16(b)(1)(i)–(ii).

In an order dated February 15, 2017, the BIA concluded the past harm Ms. Tomas-Juan suffered at the hands of her husband rose to the level of persecution. It remanded the matter to the IJ to determine, *inter alia*,

whether Ms. Tomas-Juan's past persecution was on account of a protected ground. On remand, the IJ found that even if Ms. Tomas-Juan could establish she is a member of a legally cognizable particular social group, she failed to establish she is more likely than not to suffer future persecution in Guatemala on account of her membership in such group. The BIA dismissed Ms. Tomas-Juan's appeal, concluding the IJ did not err in finding that even assuming Ms. Tomas-Juan was a member of a cognizable particular social group, she does not face a clear probability of persecution if returned to Guatemala.

The approach taken by the IJ and approved by the BIA is legally flawed. Because Ms. Tomas-Juan established past persecution, the burden shifted to the Attorney General to establish, by a preponderance of the evidence, that there has been a fundamental change in circumstances or that Ms. Tomas-Juan could avoid future harm by relocating to another part of Guatemala.[1] 8 C.F.R. § 1206.16(b)(1)(ii). The IJ's statement that Ms. Tomas-Juan "has not established that she is more likely than not to suffer

---

[1]This is true even though both the IJ and the BIA assumed, rather than found, that Ms. Tomas-Juan was a member of a cognizable particular social group and there was a nexus between her past persecution and her membership in that group. *Cf. Hanna v. Keisler*, 506 F.3d 933, 938 (9th Cir. 2007) (applying the presumption after assuming the petitioner suffered past persecution).

future persecution," shows the burden was erroneously placed on Ms. Tomas-Juan to establish she is likely to face future persecution if returned to Guatemala. Because of the error in allocating the burden of proof, we grant the petition and the Attorney General's motion and remand to the BIA for reconsideration of Ms. Tomas-Juan's withholding of removal claim. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam).

2. Because of the potential overlap of evidence between Ms. Tomas-Juan's withholding of removal claim and her CAT claim, we also remand for further consideration of Ms. Tomas-Juan's eligibility for CAT relief. *Cf. Afriyie v. Holder*, 613 F.3d 924, 937 (9th Cir. 2010). Ms. Tomas-Juan requests that we grant CAT protection, but we decline to do so on the current record. *Cf. Haile v. Holder*, 658 F.3d 1122, 1133 (9th Cir. 2011).

**PETITION FOR REVIEW GRANTED; REMANDED.**